# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| TIMOTHY M. PROSSER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:22-CV-40 ACL |
| BILL STANGE[1], | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by self-represented petitioner Timothy M. Prosser.[2] Petitioner seeks leave to proceed *in forma pauperis*, or without prepayment of fees and costs, in this matter. Based on a review of his motion and financial information submitted in support, the motion to proceed *in forma pauperis* will be granted and the filing fee will be waived. *See* 28 U.S.C. § 1915(a). Based on a review of the petition, the Court finds that this § 2254 habeas case is successive and that petitioner has not obtained permission from the Eighth Circuit Court of Appeals to file a successive petition. As such, the petition will be denied and dismissed. *See* 28 U.S.C. § 2244(b)(3)(A).

---

[1] Petitioner has named as respondent the State of Missouri. The proper respondent for a prisoner currently in custody pursuant to a state court judgment is the state officer having custody of the applicant. *See* 28 U.S.C. § 2254, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Bill Stange, Warden of Southeast Correctional Center, is the proper respondent.

[2] Petitioner has titled his action as one for "Declaratory Judgment and Injunctive Relief." However, petitioner is challenging the jury instructions given at his 2005 trial with respect to his drug trafficking charge. Because he is in state custody pursuant to the judgment of a state court, he "can only obtain habeas relief through § 2254, no matter how his pleadings are styled." *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001).

**Background**

**I.     Petitioner's State Court Conviction**

Based on an independent review on Missouri Case.net, the State of Missouri's online docketing system, the Court finds that petitioner was found guilty by a Missouri jury of the Class A felony of trafficking in the first degree, Mo. Rev. Stat. §195.222, the Class C felony of possession of a chemical (pseudoephedrine) with intent to create a controlled substance, Mo. Rev. Stat. § 195.420, and the Class D felony of possession of paraphernalia with intent to use, Mo. Rev. Stat. § 195.233 on November 12, 2004. *State v. Prosser*, No. 03CR616941-01 (24th Jud. Cir., Ste. Genevieve County Court). On January 18, 2005, the trial court sentenced petitioner to life imprisonment without parole on the trafficking charge, a seven-year term of imprisonment for possession of pseudoephedrine with intent to create a controlled substance, and a four-year term of imprisonment for possession of drug paraphernalia with intent to use. *Id.*

On December 20, 2005, the Missouri Court of Appeals affirmed petitioner's conviction on direct appeal. *State v. Prosser*, No. ED85733 (Mo.Ct.App. 2005). Petitioner's application for transfer to the Missouri Supreme Court was denied on April 11, 2006. *State v. Prosser*, No. SC87511 (Mo. 2006).

Petitioner filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15 on July 12, 2006. *Prosser v. State*, No. 06SG-CC00135 (24th Jud. Cir., Ste. Genevieve County Court). The trial court denied petitioner's motion on May 23, 2007. Petitioner appealed the denial, and the Missouri Court of Appeals affirmed the trial Court's findings on January 15, 2008. *Prosser v. State*, No. ED89931 (Mo.Ct.App. 2008). The mandate was issued on February 7, 2008.

Petitioner additionally sought state habeas relief pursuant to Missouri Supreme Court Rule 91. *Prosser v. State*, No. 08SF-CC00811 (24th Jud. Cir., St. Francois County Court). Petitioner filed his application for relief on July 10, 2008. The petition was denied on September 3, 2008. *Id.*

## II. Petitioner's Prior Habeas Filing in this Court

Petitioner filed a § 2254 petition in this Court concerning his 2005 Missouri conviction on January 20, 2009. *Prosser v. Larkins*, No. 4:09-CV-139 AGF (E.D. Mo.). After review of his petition, the Court denied and dismissed the application for writ on March 31, 2012. *Id.*

The Eighth Circuit Court of Appeals denied petitioner an application for a certificate of appealability and dismissed his appeal on August 17, 2012. *Prosser v. Steele*, No. 12-1867 (8th Cir. 2012). *Id.*

## Instant § 2254 Petition

Petitioner challenges his 2005 Missouri state court conviction for trafficking in the first degree, possession of a chemical (pseudoephedrine) with intent to create a controlled substance, and possession of paraphernalia with intent to use. He asserts that he is challenging the "unconstitutional practices, customs and actions of the State of Missouri" with respect to the jury instructions given in his 2005 trial.

Petitioner asserts that the Court in his criminal trial failed to give a proper jury instruction with respect to his drug trafficking charge. He claims that it was error not to inform the jury of the mandatory parole ineligibility of Mo. Rev. Stat. §195.222. In support of his argument, petitioner asserts that the Missouri trafficking statute under which he was convicted has since been repealed, and in 2014 replaced with Senate Bill 491, wherein the legislature removed parole ineligibility from the statute.[3]

---

[3]Petitioner asserts that the new law went into effect in 2017. Petitioner also cites to the Missouri Supreme Court case of *Mitchell v. Phillips*, 596 S.W.3d 120 (Mo. 2020) in his petition. In *Mitchell*, a prisoner who

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. A claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, for claims in a successive application that were not presented in a prior application, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3) ... to the filing of a second or successive habeas petition").

Here, it plainly appears that petitioner is not entitled to relief because his petition is successive. To the extent petitioner seeks to relitigate claims that he brought in his first petition that was denied on the merits, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1).[4]

---

had been found guilty of drug trafficking in 2013 for acts committed in 2009, sued the Missouri Department of Probation and Parole seeking a declaratory judgment that he was eligible for parole because the statute that had rendered him ineligible for parole had been repealed. The trial court found Mitchell's parole ineligibility was part of his sentence, and the Missouri Court of Appeals affirmed that determination. The Missouri Supreme Court agreed, finding that because Mitchell's parole ineligibility was part of his sentence, the repeal of Mo.Rev.Stat § 195.295.3 did not render him parole eligible. Petitioner asserts that this Court should "overturn the Missouri Supreme Court's decision in *Mitchell*." However, this Court does not have appellate jurisdiction over the state courts. *See Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). Thus, petitioner's request must be denied.

[4]The Court notes that petitioner argued in his first petition that "the trial court erred in refusing to inform the jury, or in refusing to allow counsel to argue to the jury, that the first degree trafficking charge carried a mandatory sentence of life without probation or parole if the quantity involved was more than 90 grams." The District Court reviewed this claim on the merits and found that under well-established Missouri law, "it is not error for the trial court to fail or refuse to inform the jury that no parole, probation, suspended sentences or any other form of judicial clemency would be exercised in the event of conviction." *State v. Prosser*, No. ED85733 (Mo.Ct.App. 2005). Under Missouri law, matters of early release are extraneous to the jury's determination of guilt and punishment. *State v. Rollins*, 449 S.W.2d 585, 591 (Mo. 1970); *see also State v. Massey*, 60 S.W.3d 625, 628-29 (Mo. Ct. App. 2001).

To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Further, petitioner cannot avoid the Antiterrorism and Effective Death Penalty Act's (AEDPA's) rules by captioning the instant petition as one brought pursuant to a different statute. *See Melton v. U.S.,* 359 F.3d 855, 857 (7th Cir. 2004) (a prisoner cannot circumvent the AEDPA's rules via "inventive captioning"); *see also Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (a pleading labeled as a Rule 60(b) motion that is in substance a habeas petition "should be treated accordingly"). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get Out of Jail Card; the name makes no difference. It is substance that controls." *Melton*, 359 F.3d at 857.

Because there is no evidence in the record that petitioner has sought or received permission from the Eighth Circuit Court of Appeals to bring a successive habeas, this petition must be denied and dismissed. *Boyd*, 304 F.3d at 814 (stating that a district court should dismiss a second or successive habeas petition for failure to obtain authorization from the Court of Appeals).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall change the docket to reflect the proper respondent in this action. Bill Stange, the Warden of Southeast Correctional Center is the proper respondent.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief under 28 U.S.C. § 2254 [ECF Nos. 1] is **DENIED and DISMISSED without prejudice, as successive**.

**IT IS FURTHER ORDERED** that to the extent petitioner seeks an order from this Court overturning the Missouri Supreme Court holding in *Mitchell v. v. Phillips*, 596 S.W.3d 120 (Mo. 2020), the Court declines to issue such an order.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. *See* 28 U.S.C. § 2253.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this   31st   day of March, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE